```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ANDREW ORLANDER,

                    Plaintiff,
                                              MEMORANDUM AND ORDER
          - against -
                                              13 Civ. 703 (NRB)
STAPLES, INC.,

                    Defendant.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Andrew Orlander ("plaintiff"), a citizen of New York, filed this putative class action against defendant Staples, Inc. ("Staples"), a Delaware corporation, on January 31, 2013, invoking the Court's diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").[1] On May 28, 2013, this Court requested the parties to brief the issue of whether we had subject matter jurisdiction over this action. (See ECF No. 8.) Specifically, the Court ordered the parties to address whether CAFA's $5 million amount-in-controversy requirement is met. For the reasons stated herein, we find that it is.

---

[1] The complaint also invokes traditional diversity jurisdiction under 28 U.S.C. § 1332(a). However, at a conference held on May 20, 2013, plaintiff's counsel acknowledged that neither the named plaintiff nor any putative class member has an individual claim worth more than $75,000.

**BACKGROUND**

On March 3, 2012, plaintiff visited a Staples retail store in Scarsdale, New York and purchased a Hewlett Packard computer along with a two-year Staples Protection Plan.  Class Action Complaint ("Compl.") at 7.  Plaintiff claims that a Staples sales representative assured him that if he purchased the Protection Plan, which cost $99.99, Staples would handle any repairs or replacements during the next two years.  Id.  In reality, however, the plan provided no coverage in the first year because the computer was under a manufacturer's warranty during that time.  Id. at 8.  Although the plan's terms and conditions may have explained this restriction, plaintiff claims that these terms and conditions were not made available to him either before or after he made the purchase.  Id. at 9-13.  He contends that Staples provided only a short brochure summarizing the plan which did not reveal the scope of the coverage.  Id. at 9.

On January 31, 2013, plaintiff brought this action -- which alleges breach of contract, breach of express and implied warranties, violations of New York General Business Law §§ 349 and 350, and unjust enrichment -- on behalf of himself and "all others who purchased a Staples Protection Plan in conjunction with an in-store purchase at a Staples retail store in New York State."  Id. at 1.  He claims that he and the putative class

have been damaged by paying for services that, unbeknownst to them, were valueless until after the manufacturer's warranty expired. He seeks actual and statutory damages, restitution, treble damages, reasonable costs and attorney's fees, and an order enjoining Staples from selling the Protection Plan without attaching the terms and conditions. Id. at 4, 21.

## DISCUSSION

### I. Legal Standard

CAFA confers "original federal jurisdiction over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6)). The party asserting federal jurisdiction under CAFA bears the burden of establishing jurisdiction. Id. at 57-58. Here, because plaintiff brought this action in federal court, he must show that it appears to a "reasonable probability" that the aggregate claims of the plaintiff class are in excess of $5 million. Id. at 58.

In determining whether plaintiff has satisfied this burden, the Court first looks to the allegations in the complaint. We "recognize a 'rebuttable presumption that the

3

face of the complaint is a good faith representation of the actual amount in controversy.'" Colavito v. New York Organ Donor Network, 438 F.3d 214, 221 (2d Cir. 2006) (quoting Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999)). "Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record." United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square, 30 F.3d 298, 305 (2d Cir. 1994). The Court "constru[es] all ambiguities and draw[s] all inferences" in plaintiff's favor. Aurecchione v. Schoolman Transp. Sys., 426 F.3d 635, 638 (2d Cir. 2005). See also Tongkook Am. v. Shipton Sportswear Co., 14 F.3d 781, 785 (2d Cir. 1994) ("Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings."). Further, the jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on the likelihood of recovery. Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982).

Once a plaintiff establishes a "reasonable probability" that the aggregate class claims exceed $5 million, the burden then shifts to the defendant to demonstrate to a "legal certainty" that the amount in controversy is less than $5

4

million.  Tongkook, 14 F.3d at 784.  In this case, however, Staples does not contest the amount in controversy.

## II. Amount in Controversy

Plaintiff's complaint, which alleges that "the aggregate claims of Plaintiff and members of the Class exceed the sum or value of $5,000,000" (Compl. at 5), creates a presumption that CAFA's amount-in-controversy requirement is satisfied. Colavito, 438 F.3d at 221.  That presumption is not challenged, much less rebutted, by defendant.  Moreover, any doubt regarding the amount in controversy has been eliminated by the parties' submissions to the Court, which reveal that approximately 1.2 million two- and three-year Protection Plans were sold during the putative class period for amounts ranging from $14.99 to $349.99 each.  Given the universe of potential plaintiffs, we can posit more than one plausible damage theory which would result in damages exceeding $5 million.

Therefore, we find that plaintiff has shown to a reasonable probability that the amount in controversy in this case exceeds $5 million.  Moreover, CAFA's other jurisdictional requirements are met -- the proposed class contains at least 100 members and minimal diversity exists between the parties.

## CONCLUSION

For the foregoing reasons, we find that the Court has subject matter jurisdiction over this action under CAFA.

Dated:    New York, New York
          October 31, 2013

                                              NAOMI REICE BUCHWALD
                                              UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

**Attorneys for Plaintiff**

Jonathan Adler, Esq.
Meagan A. Farmer, Esq.
Mark C. Gardy, Esq.
Orin Kurtz, Esq.
James S. Notis, Esq.
Gardy & Notis, LLP
501 Fifth Avenue, Suite 1408
New York, NY 10017

**Attorney for Defendant**

Barry M. Kazan, Esq.
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, NY 10017-3921