UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/17

ANDREW ORLANDER, Individually and
on Behalf of All Others Similarly Situated,

              Plaintiff,

v.

STAPLES, INC.,
A Delaware Corporation,

              Defendant.

Case No.: 13-CV-0703-NRB

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

1

WHEREAS, a class action is pending before this Court styled *Orlander v. Staples, Inc.*, Civil Action No. 13-cv-703-NRB (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement, dated as of August 11, 2017 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

   All persons who purchased any of the Extended Services Plans from Staples in New York State from February 1, 2010 to August 31, 2013. Excluded from the Class is Defendant, its parent, subsidiaries and affiliates, their directors and officers and members of their immediate families; also excluded are any judicial officers presiding over the Action and the members of their immediate family and judicial staff. Also excluded are those persons who validly exclude themselves from the Class pursuant to the Notice of Pendency of Class Action and Proposed Settlement.

3. The Court appoints Gardy & Notis, LLP as Class Counsel for the Settlement Class.

4. The Court appoints Plaintiff as Class Representative. Plaintiff has adequately represented the Settlement Class and has no conflicts with the members of the Settlement Class.

5. The Court appoints Epiq Systems, Inc. ("Claims Adminstrator") as the settlement and claims administrator in this case for purposes of disseminating the Notice Form and managing the claims process.

6. The Court approves, in form and substance, the Notice of Class Action Settlement (the "Notice Form"), substantially in the form attached as Exhibit B-1 to the Settlement Agreement, and the Postcard Notice, substantially in the form attached as Exhibit B-2 to the Settlement Agreement. The Court finds that the mailing and distribution of the Notice Form and Postcard Notice and publication of the Notice Form, substantially in the manner and form set forth in ¶¶8-9 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Not later than ten (10) business days after the entry of this Order (the "Notice Date"), Plaintiff's Counsel shall cause the Notice Form and Postcard Notice to be sent by email and/or by First-Class mail to all Class Members whose name, mailing address, email address, ESP purchase, or other contact or identifying information, has been sufficiently identified in documents provided by Staples or third parties, including Assurant Service Protection, Inc. ("Identified Class Members"), and to be posted on the Settlement Website.

8. Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator will also issue a press release throughout New York and an online ad campaign, which includes placing banner ads on websites such as Facebook, Yahoo, Bing and Google.

9.  Not later than fifteen (15) calendar days after the entry of this Order, Staples shall cause $3,950,000 (the Settlement Fund") to be paid by wire transfer into the interest-bearing the Escrow Account, which will be maintained and controlled by the Claims Administrator in trust for the benefit of the Settlement Class.

10. Each Class Member, other than the Identified Class Members, must complete and submit a valid Claim Form to the Claims Administrator no later than 120 calendar days after the Notice Date in order to receive a cash distribution from the Net Settlement Amount. Any Class Member who fails to submit a valid and timely Claim Form shall be forever barred from receiving any distribution from the Settlement Fund or payment pursuant to the Settlement Agreement, but shall in all other respects be bound by all the terms of the Settlement Agreement and the Final Order and Judgment entered in this matter. The Claims Administrator shall cause the Claim Form to be available to the Settlement Class on the Settlement website or by email or mail upon request.

11. Any member of the Settlement Class who wishes to be excluded ("Opt-Out") from the Settlement must submit a written Opt-Out request to the Claims Administrator at the address on the Notice Form, with the following: (a) name; (b) street address and email address; (c) signature; and (d) the statement: "I do not want to be part of the Class in *Orlander v. Staples, Inc.*, Case No. 13-cv-703 (S.D.N.Y.)." All Opt-Out requests must be postmarked no later than sixty (60) days after the Notice Date. Class Members who timely request to Opt-Out shall be excluded from the Settlement. Any Class Member who does not timely submit a request to Opt-Out, or does not otherwise comply with the agreed upon Opt-Out procedure approved by the Court, shall be bound by the terms of the Settlement Agreement and the Order and Final Judgment.

12. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Application must file an

4

objection no later than sixty (60) calendar days after the Notice Date. A valid and proper objection must include a written statement of objection to the Settlement, and should: (a) identify the case known as *Orlander v. Staples, Inc.*, Case No. 13-cv-703; (b) include the name, address, telephone number, and, if represented by an attorney, the name, address and telephone number of the attorney; (c) provide proof of membership in the Class; (d) affix a signature; (e) and describe the reasons for the objection to the Settlement. Any person objecting to the Settlement must file his or her written objection with the Court by electronic filing or by mail or hand deliver to the Clerk of the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007. Also no later than sixty (60) calendar days after the Notice Date, written objections to the Settlement must be served by e-filing, hand delivery or overnight mail to the following attorneys:

Barry M. Kazan, Esq.  
**THOMPSON HINE LLP**  
335 Madison Avenue, 12th Floor  
New York, New York 10017  

Meagan Farmer, Esq.  
**GARDY & NOTIS, LLP**  
Tower 56  
126 E. 56th Street, 8th Floor  
New York, New York 10022  

13. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. Class Members who do not object need not appear at the Settlement Hearing or take any other action to indicate their approval.

14. If an objection is deemed frivolous, the Court may award appropriate costs and fees to Plaintiff's Counsel and/or Defendant's Counsel.

15. Not later than forty-five (45) calendar days after the Notice Date, Plaintiff's Counsel shall file with the Court papers in support of final approval of the Settlement and the Fee Application.

16.     A hearing (the "Settlement Hearing") shall be held before this Court at __11__ : __00__ a.m. on __December 13__, 201_7_, (a date at least 90 days after the entry of this Order) at the United States District Court for the Southern District of New York, U.S. Courthouse, Courtroom 21A, 500 Pearl Street, to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, just reasonable, adequate and in the best interests of the Class, and should be approved by the Court; whether the Final Order and Judgment should be entered; and to determine the amount, if any, of attorneys' fees and expenses, settlement administration costs, and services awards that should be awarded. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

17.     At least seven (7) calendar days prior to the Settlement Hearing, Plaintiff's Counsel shall file with the Court an appropriate declaration or affidavit with respect to the preparation and mailing of the Notice.

18.     All proceedings in the Action, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

_____
Hon. Naomi Reice Buchwald, U.S.D.J.

Dated: _September 14_, 2017

6